**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
bgreenberg@litedepalma.com

*Attorneys for Plaintiffs and the Class*

[Additional counsel on signature page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH CUCCINELLO and JAMES BROOKS, on behalf of themselves and all others similarly situated, *Plaintiffs*, v. UBER, INC. and HIREASE, INC., *Defendants*. | Civil Action No.: 15-6604(CCC)(JBC)<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

On behalf of themselves and all others similarly situated, Plaintiffs Joseph Cuccinello and James Brooks, bring this complaint against Defendants Uber, Inc. and Hirease, Inc., and allege as follows:

### NATURE OF THE ACTION

1.     This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") brought on behalf of applicants for employment with Defendant Uber, Inc. ("Uber"). Plaintiffs contend that Defendants systematically violate section 1681b(b)(3) of the FCRA by using consumer reports to make adverse employment decisions without, beforehand, providing the person who is the subject of the report sufficient and timely

notification, a copy of the report, and a summary of his or her rights under the FCRA, thus leaving the employee or applicant without any time, much less sufficient time, to dispute the report.

2. Plaintiffs also contend that Defendants systematically violate section 1681b(b)(2)(A) of the FCRA by requiring job applicants to sign a standardized background check application form which, among other things, upon information and belief, requires job applicants to expressly or impliedly waive certain rights, and includes other limitations and extraneous language that is not permitted by the FCRA's stand-alone disclosure form requirement.

3. Plaintiffs further contend that Defendant Hirease systematically violates section 1681b(b)(1)(A) of the FCRA by providing Uber with consumer reports for employment purposes with the knowledge that both Hirease and Uber were not in compliance with sections 1681b(b)(2)(A) and 1681b(b)(3) of the FCRA.

4. The FCRA is a remedial consumer protection statute that regulates "consumer reports," including employment background reports such as the ones used in this case. Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules. This action involves Defendants' systematic violations of those important rules.

5. Plaintiffs were denied employment as drivers by Uber in 2014, based upon standardized background consumer reports conducted by Hirease, Inc. ("Hirease"), pursuant to an agreement between Uber and Hirease whereby Hirease performs background screening on Uber's candidates for hire or promotion.

6. In violation of the FCRA, Defendants required Plaintiffs to sign a background check application form which did not consist "solely of the disclosure that a consumer report

556337.1

may be obtained for employment purposes," as required by 15 U.S.C. § 1681b(b)(2)(A)(i), but upon information and belief, instead unlawfully attempted to obtain future protection for Defendants for any unlawful actions, and provided other limitations on consumer protections and other extraneous language.

7. In further violation of the FCRA, Defendants willfully and negligently failed to comply with the FCRA's mandatory pre-adverse action notification requirement, and failed to provide to Plaintiffs a copy of the background consumer reports they obtained from Hirease, *before* the adverse action occurred, as required by 15 U.S.C. § 1681b(b)(3). Every year, individuals who have applied to Uber for employment have been similarly aggrieved by the same violation of 15 U.S.C. § 1681b(b)(3).

8. Also in violation of the FCRA, 15 U.S.C. § 1681b(b)(1)(A) Defendant Hirease provided consumer reports to Uber, while knowing that neither Hirease or Uber were in compliance with 15 U.S.C. § 1681b(b)(3) and 15 U.S.C. § 1681b(b)(2)(A)(i).

9. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff seeks monetary relief for themselves and a class of similarly situated employees and employment applicants who were required to sign Defendants' background check application form that violated FCRA section 1681b(b)(2).

10. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiffs also seek monetary relief for themselves and a class of similarly situated employees and employment applicants for Defendants' failure to comply with FCRA section 1681b(b)(3)'s pre-adverse action notification requirements.

11. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiffs also seek monetary relief for themselves and a class of similarly situated employees and employment applicants for

3

Defendants' failure to comply with FCRA section 1681b(b)(1)(A)'s requirements for a consumer reporting agency which provides consumer reports for employment purposes.

## PARTIES

12. Plaintiff Joseph Cuccinello is an adult individual residing in Nutley, New Jersey.

13. Plaintiff James Brooks is an adult individual residing in Nashville, Tennessee.

14. Defendant Uber regularly conducts business globally and in the State of New Jersey, and has a principal place of business and corporate headquarters in San Francisco, California.

15. Defendant Hirease regularly conducts business globally and in the State of New Jersey, and has a principal place of business and corporate headquarters at Post Office Box 2559 Southern Pines, NC 28388.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p in that all claims brought herein arise under the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*.

**17.** Venue is proper in this District pursuant to 28 U.S.C. § 1391 because named Plaintiff Joseph Cuccinello resides here, because Defendants have hundreds, if not thousands, of customers in this District, because Defendants receive substantial fees from their business in this District, and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## STATEMENT OF FACTS

### Uber's Use of Hirease's Background Screening Reports

18. Hirease is among the largest of the nation's employment background screening

4

companies, *i.e.*, those that provide "consumer reports," as defined by 15 U.S.C. § 1681a(d)(1)(B), to companies such as Uber.

19. Hirease investigates and reviews public records and private databases and assembles and/or maintains consumer files that contain information concerning, among other things, the alleged criminal, credit and employment history of individuals.

20. From its files, Hirease sells background consumer reports to potential employers (such as Defendant Uber) wishing to screen applicants for employment. According to its website, Hirease was acquired by Accurate Background, Inc. Accurate Background is "a trusted provider of automated workforce screening. Our compliant solutions include domestic and international background checks, drug testing, health screening, electronic I-9 and E-Verify. Our innovative technology and award-winning customer support teams empower companies to hire top talent."[1]

21. Hirease offers its customers the possibility of using its screening service in a "pre-employment" hiring environment, to preliminarily screen applicants, or in a "post-employment" hiring environment, as the final stage in the hiring/promotion process. In a "post-employment" environment, Hirease's customers use the service to screen consumers who were already selected for hire or promotion, subject to the results of a background check.

22. Uber uses Hirease's screening services to conduct background checks on applicants for employment. The consumer reports resulting from these services are delivered directly to Uber.

23. Under the FCRA, any "person" using a consumer report, such as Uber, may not lawfully obtain any background consumer report on any prospective job applicant, or "consumer" as used in the FCRA, unless "a clear and conspicuous disclosure has been made in

---

[1] See http://www.hirease.com/who-we-are/.

556337.1

writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis supplied).

24. The purpose of the stand-alone disclosure is to inform the consumer job applicant that a background report will be procured about him or her, not to provide the employer an opportunity to obtain the prospective employee's signature on a form filled with confusing language and self-serving protections for the employer or waivers of the employee's rights.

25. Uber accepted (and may still accept) applications for employment as drivers through the web, via email at partnersNJ@uber.com , through its website at www.driveubernyc.com/drivenj, and through other web-based portals.

26. On or about June 2014, Plaintiff James Cuccinello applied for employment with Uber as a driver through Uber's website, watching a video at t.uber.com/uberxnj, and completing the application.

27. As part of his employment application, and in violation of the FCRA, Defendants required Mr. Cuccinello to sign a background check application form which did not consist "solely of the disclosure that a consumer report may be obtained for employment purposes," as required by 15 U.S.C. § 1681b(b)(2)(A)(i), but upon information and belief, instead unlawfully attempted to obtain future protection for Defendants for any unlawful actions, and provided other limitations on consumer protections and other extraneous language.[2]

28. After completing the background check, Defendant Uber denied Mr. Cuccinello employment based on the information in the consumer report it received pursuant to the

---

[2] Applicants for employment with Uber, such as Plaintiffs, complete the background check application forms online and are not provided by Uber or Hirease with copies of the forms after completing their employment applications.

556337.1

background check.

29. Defendant Uber declined to hire Mr. Cuccinello on the basis of the information in the consumer report.

30. In further violation of the FCRA, Defendant Uber failed to provide Mr. Cuccinello a copy of the incomplete and misleading consumer report it obtained from Hirease, *before* taking the adverse action of declining to hire him, as required by 15 U.S.C. § 1681b(b)(3).

31. Plaintiff James Brooks had an experience substantially identical to Mr. Cuccinello's. Specifically, Mr. Brooks signed a background check application form which did not consist "solely of the disclosure that a consumer report may be obtained for employment purposes," as required by 15 U.S.C. § 1681b(b)(2)(A)(i), but upon information and belief, instead unlawfully attempted to obtain future protection for Defendants for any unlawful actions, and provided other limitations on consumer protections and other extraneous language.

32. Further, after completing his background check, Defendant Uber denied Mr. Brooks employment, on the basis of the information in the consumer report it received from Hirease pursuant to the background check.

33. In further violation of the FCRA, Defendant Uber failed to provide Mr. Brooks with a copy of the consumer report it obtained from Hirease, *before* taking the adverse action of declining to hire him, as required by 15 U.S.C. § 1681b(b)(3).

34. Defendants acted negligently and willfully in providing Plaintiffs with disclosures that failed to comply with 15 U.S.C. § 1681b(b)(2)(A)(i), because this provision of the FCRA contains a clear prohibition on an employer's inclusion of *any* additional provision, excluding the authorization itself, in the disclosure form. *See*, *e.g.*, *Moore v. Rite Aid Hdqtrs. Corp.*, 2015 WL 3444227 (E.D. Pa. May 29, 2015).

35. Defendant Uber also acted negligently and willfully in failing to provide Plaintiffs with copies of the consumer reports provided to Uber by Hirease, *before* taking the adverse action of declining to hire them, as required by 15 U.S.C. § 1681b(b)(3). *See, e.g.*, *Moore v. Rite Aid Hdqtrs. Corp.*, 2015 WL 3444227 (E.D. Pa. May 29, 2015).

36. Defendant Hirease also acted negligently and willfully in failing to provide Plaintiffs with copies of the consumer reports provided to Uber by Hirease, *before* taking the adverse action of providing such reports to Uber, as required by 15 U.S.C. § 1681b(b)(3). *See, e.g.*, *Goode v. LexisNexis Risk & Analytics Group, Inc.*, 848 F. Supp. 2d 532 (E.D. Pa. 2012).

37. Defendant Hirease also acted negligently and willfully in providing consumer reports for employment purposes to Uber, while knowing that neither Hirease nor Uber were in compliance with 15 U.S.C. § 1681b(b)(3) and 15 U.S.C. § 1681b(b)(2)(A)(i). This conduct violated 15 U.S.C. § 1681b(b)(1)(A).

38. Because Defendants' disclosure forms are uniform, as are their processes for providing prospective employees with consumer reports on which adverse employment actions are based, members of the Class (defined below), were subject to the same conduct as Plaintiffs. This conduct violated the FCRA, 15 U.S.C. §§ 1681b(b)(3), 1681b(b)(2)(A)(i), and 15 U.S.C. § 1681b(b)(1)(A).

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Classes:

   a. FCRA § 1681b(b)(2) Class: All natural persons residing within the United States and its Territories regarding whom, within five years prior to the filing of this action and extending through the resolution of this action, the Defendants procured or

8

556337.1

caused to be procured a consumer report for employment purposes using a written background check disclosure form containing language substantially similar to that in the forms provided to Mr. Cuccinello and Mr. Brooks.

   b. FCRA § 1681b(b)(3) Class: All employees or applicants for employment with Defendants residing in the United States and its Territories who, within five years prior to the filing of this action and extending through the resolution of this action: 1) were the subject of an adverse employment action by Defendant Uber, which was based in whole or in part on a consumer report procured from Hirease or any other consumer reporting agency; and (2) to whom Uber did not provide a copy of that consumer report and/or a copy of the FCRA summary of rights, prior to taking such adverse employment action.

   c. FCRA § 1681b(b)(1)(A) Class: All natural persons residing within the United States and its Territories regarding whom, within five years prior to the filing of this action and extending through the resolution of this action, the Defendants procured or caused to be procured a consumer report for employment purposes.

40. Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

41. **Numerosity**. **FED. R. CIV. P. 23(a)(1)**. The Class members are so numerous that joinder of all is impractical. Upon information and belief, Defendants obtain signed standardized background check application forms for background reports and procure and use hundreds if not thousands of consumer reports on applicants for employment each year, and those persons' names and addresses are ascertainable through documents maintained by Defendants.

42. **Existence and Predominance of Common Questions of Law or Fact**. **FED. R.**

556337.1

**CIV. P. 23(a)(2)**. Common questions of law or fact exist as to all Class members, and predominate over the questions affecting only individual members. The common legal or factual questions include, among others:

    a.    Whether Defendants procured or caused to be procured consumer reports for employment purposes without providing a clear and conspicuous disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

    b.    Whether Defendants failed to provide each employee or applicant for employment a copy of his or her consumer report before Defendants took adverse action based in whole or in part on such consumer report;

    c.    Whether Defendants failed to provide each applicant for employment a copy of his or her written notice of FCRA rights before Defendants took adverse action based in whole or in part upon a consumer report; and

    d.    Whether Defendants acted negligently and/or willfully in disregard of the FCRA.

43.    **Typicality**. **FED. R. CIV. P. 23(a)(3)**. Plaintiffs' claims are typical of the claims of each Class member. Plaintiffs have the same claims for statutory, actual and punitive damages as do Class members.

44.    **Adequacy**. **FED. R. CIV. P. 23(a)(4)**. Plaintiffs are adequate representatives of the Classes. Their interests are aligned with, and are not antagonistic to, the interests of the Class members they seek to represent. They have retained counsel competent and experienced in such litigation, and they intend to prosecute this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the Class members' interests.

45.    **Predominance and Superiority**. **FED. R. CIV. P. 23(b)(3)**. Questions of law or

fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory, actual and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the Class members, individually, to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proofs in a unified proceeding.

## CAUSES OF ACTION

### COUNT I
### Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(2)
### (On behalf of Plaintiffs and the FCRA § 1681b(b)(2) Class
### Against Defendants Uber and Hirease)

46. Plaintiffs reallege and incorporate by reference all preceding paragraphs as alleged above.

47. Plaintiffs are each a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

48. Defendants are each a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b).

49. The Hirease background reports ordered by Defendant Uber are "consumer reports" used for "employment purposes" within the meaning of 15 U.S.C. §§ 1681a(d) and 1681a(h).

50. Defendants are liable for willfully and negligently violating section 1681b(b)(2) of the FCRA by procuring or causing to be procured consumer reports for employment purposes without first providing a clear and conspicuous disclosure in writing to Plaintiffs and Class members, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes.

51. Defendants' actions caused harm to job applicants such as Plaintiffs and Class members as set forth herein.

## COUNT II
### Fair Credit Reporting Act, 15 U.S.C. 15 U.S.C. § 1681b(b)(3)(A)
### (On behalf of Plaintiffs and the FCRA § 1681b(b)(3) Class
### Against Defendants Uber and Hirease)

52. Plaintiffs reallege and incorporate by reference all preceding paragraphs as alleged above.

53. The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer with a copy of the report *and* a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

54. For purposes of this requirement, an "adverse action" includes "any…decision…that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

55. Pursuant to the FCRA, Defendants are "persons" that use consumer reports for employment purposes.

56. The FCRA requires Defendant Uber, as a user of consumer reports for employment purposes, to provide notice and certain documents to the applicant before taking

adverse action based in whole or in part on the report. Those mandatory disclosures include a copy of the consumer's report and a written description of the consumer's rights under the FCRA, 15 U.S.C. §§ 1681a(b)(3)(A)(i), (ii).

57.     Defendant Uber is liable for willfully and negligently violating section 1681b(b)(3) of the FCRA by failing to provide Plaintiffs and the members of the Class with the following before taking adverse action based in whole or in part upon the report: (a) a copy of the consumer report; and (b) a written description of the consumer's rights under the FCRA.  As a result, Defendant Uber denied Plaintiffs and Class members any time, much less sufficient time, to be able to review and dispute the reports before Defendant Uber took adverse action against them.

58.     15 U.S.C. § 1681b(b)(3)(A) also governs the conduct of consumer reporting agencies such as Hirease.  *See*, *e.g.*, *Goode v. LexisNexis Risk & Analytics Group, Inc.*, 848 F. Supp. 2d 532 (E.D. Pa. 2012).

59.     By providing consumer reports to Uber which contained negative information about Plaintiffs and Class members, Defendant Hirease took adverse action against them, pursuant to 15 U.S.C. § 1681b(b)(3)(A).

60.     As a result, the FCRA required Defendant Hirease to provide notice and certain documents to Plaintiffs and Class members before taking adverse action based in whole or in part on the report. Those mandatory disclosures include a copy of the consumer's report and a written description of the consumer's rights under the FCRA, 15 U.S.C. §§ 1681a(b)(3)(A)(i), (ii).

61.     Defendant Hirease is liable for willfully and negligently violating section 1681b(b)(3) of the FCRA by failing to provide Plaintiffs and the members of the Class with the

13

following before taking adverse action based in whole or in part upon the report: (a) a copy of the consumer report; and (b) a written description of the consumer's rights under the FCRA.  As a result, Defendant Hirease denied Plaintiffs and Class members any time, much less sufficient time, to be able to review and dispute the reports before Defendant Hirease provided the reports to Uber.

62. Defendants' actions caused harm to job applicants such as Plaintiffs and Class members, as set forth herein.

## COUNT III
### Fair Credit Reporting Act, 15 U.S.C. 15 U.S.C. § 1681b(b)(1)(A)
### (On behalf of Plaintiffs and the FCRA § 1681b(b)(1)(A) Class Against Defendant Hirease)

63. Plaintiffs reallege and incorporate by reference all preceding paragraphs as alleged above.

64. Pursuant to 15 U.S.C. § 1681b(b)(1)(A), a consumer reporting agency may not provide a consumer report for employment purposes to any person, unless the person certifies that he "has complied with [FCRA § 1681b(b)(2) ] with respect to the consumer report, and the person will comply with [15 U.S.C. § 1681b(b)(3)] with respect to the consumer report if [15 U.S.C. § 1681b(b)(3)] becomes applicable."

65. Defendant Hirease either did not receive the certification required by 15 U.S.C. § 1681b(b)(1)(A) from Defendant Uber prior to providing Uber with consumer reports for employment purposes or should reasonably have known that Uber was not in compliance with FCRA § 1681b(b)(2) or 15 U.S.C. § 1681b(b)(3).  Nor was Hirease in compliance with either section of the FCRA prior to providing consumer reports to Uber for employment purposes.

66. Accordingly, Hirease's conduct violated 15 U.S.C. § 1681b(b)(1)(A) and caused harm to job applicants such as Plaintiffs and Class members, as set forth herein.

## PRAYER FOR RELIEF

For the reasons set forth above, Plaintiffs request that the Court grant the following relief:

(a) That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the Class;

(b) That an order be entered declaring that Defendants' actions as described above are in violation of the FCRA;

(c) That judgment be entered against Defendants for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

(d) That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. §§ 1681n(a)(2);

(e) That judgment be entered against Defendants and for Plaintiffs individually for actual damages, pursuant to 15 U.S.C. § 1681n(a) and 1681o

(f) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(g) That the Court grant such other and further relief as may be just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby requests and demands a trial by jury.

Date: September 3, 2015    **LITE DEPALMA GREENBERG, LLC**

/s/ *Bruce D. Greenberg*
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
bgreenberg@litedepalma.com

15

**DONOVAN AXLER, LLC**
Michael D. Donovan
1055 Westlakes Drive, Suite 155
Berwyn, PA 19312
Telephone: (610) 647-6067
Facsimile: (610) 647-7215
mdonovan@donovanaxler.com

*Attorneys for Plaintiffs and the Class*

556337.1